UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO: 8:19-cr-00523-CEH-AEP

WALLACE JEROME GRIMSLEY,
II

_____

ORDER

This cause comes before the Court on Defendant Wallace Grimsley's Amended Motion for Compassionate Release Doc. 64.[1] Proceeding *pro se*, Grimsley requests compassionate release based upon underlying health conditions that make him high-risk in the context of COVID-19, the improper use of personal protective equipment ("PPE") by the Bureau of Prisons, and what he alleges are unsafe and inhumane prison conditions. The Government opposes Grimsley's motion, Doc. 65, and Grimsley has replied. Doc. 69.

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

I.   BACKGROUND

On February 13, 2020, Grimsley was sentenced to 78 months' incarceration upon his guilty plea to knowingly and willfully conspiring with others to possess with

---

[1] Grimsley submitted two previous motions for compassionate release, along with a corresponding response from the Government and reply, but later moved to withdraw them in favor of the amended motion at Doc. 64. *See* Docs. 55, 56, 57, 58, 59, 60, 63.

intent to distribute 50 grams or more of methamphetamine and other controlled substances, based on conduct committed on several dates from December 2016 through March 2019. Doc. 23.  Now 43, Grimsley is incarcerated at FCI Coleman Low.

Grimsley moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 64. He argues that his underlying health conditions, including Type 2 diabetes, hypertension, and a BMI in the obese range, put him at greater risk of ill effects from COVID-19. *Id.* at 6. Additionally, he alleges that after a positive COVID-19 test he was placed into haphazard quarantine conditions, which were indicative of the overall substandard efforts the Bureau of Prisons ("BOP") was making for prisoners' health. *Id.* at 5-6. Grimsley also expresses concern about the adequacy of preventative and rehabilitative efforts by the staff at FPC Pensacola, the prison in which he was incarcerated at the time he filed the motion, stating that correctional officers were not wearing masks consistently. *Id.* at 7-8. He alleges that, separate from the issue of COVID-19, the presence of black mold caused constant eye irritation within his unit, and there was no  clean air supply because the windows were nailed shut. *Id.* at 12. Grimsley asks for a reduced sentence of time served, followed by a period of home confinement instead of supervised release. *Id.* at 17.

Responding in opposition, the Government argues that Grimsley has failed to demonstrate "extraordinary and compelling" reasons that would justify granting the motion. Doc. 65 at 2. The Government asserts that fear of exposure to COVID-19 is not enough, and that the BOP has implemented an action plan to address the virus. *Id.*

at 2. It further argues that Grimsley states no basis for why the threat poses a particular risk to him specifically, as he has already had a mild case of COVID-19, is vaccinated, and his medical records show that he is generally healthy. *Id.* at 8-9. To the extent Grimsley has high blood pressure, diabetes, high cholesterol, and is overweight, the Government contends the conditions are being controlled by medication and checkups. *Id.* at 9. Lastly, the Government argues that even if Grimsley satisfied one of the categories of an extraordinary and compelling reason, the §3553(a) factors do not weigh in his favor. *Id.* at 11.

Grimsley replies, arguing that simply because he is vaccinated does not mean that he is safe from the virus. Doc. 69 at 5. Grimsley also asserts that he would not pose a threat to the community if released, stating that his crime was non-violent, he has had no disciplinary contacts since his sentence began, and he has been permitted to work outside of the facility in the community. *Id.* at 3.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[2] *See* § 3582(c)(1)(A).

## III. DISCUSSION

As a threshold matter, the Court finds that Grimsley has adequately exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Grimsley made his request for compassionate release to the BOP on September 11, 2020. Doc. 65-3. The request was denied on October 7, 2020. Doc. 65-5. Grimsley's subsequent appeal was denied on February 3, 2021. Doc. 64-A.

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Grimsley filed his amended motion for compassionate release with this Court on June 10, 2021. Doc. 64. The Court finds that he has satisfied the exhaustion requirement.

However, Grimsley has not established an extraordinary and compelling reason that warrants compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Grimsley is 43 years old and was not sentenced until 2020. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A)(2). Grimsley argues that his underlying health issues and the poor conditions inside the prison, coupled with the threat of COVID-19, constitute such a reason.

Under the policy statement at U.S.S.G. § 1B1.13, cmt. n.1(A), an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, *i.e.*, a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover.  U.S.S.G. § 1B1.13, cmt. n. 1(A).

Grimsley's medical records verify that he has been diagnosed with Type 2 diabetes, hypertension, and a BMI in the obese range. Doc. 65-6. The conditions are being treated with medication. *Id.* The records do not establish that his medical conditions are terminal or that they cannot be treated within the prison environment. The Court therefore finds, as Grimsley concedes, Doc. 64 at 3, that his medical conditions do not establish an extraordinary and compelling reason for compassionate release.

Grimsley instead relies on the fourth type of extraordinary and compelling reason listed in the policy statement. Doc. 64 at 3. Often described as a "catch-all" provision, this reason provides that, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the three previously listed reasons. U.S.S.G. § 1B1.13, cmt. n. 1(D).  The Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d 1243.  Therefore, an identified reason requires approval from the Director of the Bureau of Prisons before it can be considered

extraordinary and compelling. *Id.*; *see United States v. Giron*, 15 F.4th 1343, 1350 (11th Cir. 2021) ("district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and…only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision").

Grimsley argues that his facility's inadequate response to the COVID-19 pandemic and its unsafe conditions present an extraordinary and compelling reason under the catch-all provision. In addition to COVID-19 risks, he alleges that black mold and a lack of clean air access place inmates at FPC Pensacola at risk. *Id.* at 12. He also contends that the prison system is failing to succeed in the rehabilitation of prisoners. Doc. 64 at 5. Lastly, Grimsley argues that the lack of transparency and confusing and restrictive guidelines within the BOP create extraordinary and compelling reasons. *Id.* at 14.

The Court acknowledges the risks that the COVID-19 pandemic poses to vulnerable individuals, particularly in a congregate setting, and does not disregard the safety issues Grimsley alleges at his prior facility. However, the *Giron* court expressly rejected the petitioner's argument that the combination of the COVID-19 pandemic and his medical conditions qualified as an extraordinary and compelling reason under the catch-all provision. The Eleventh Circuit reasoned that the catch-all provision's language, "[a]s determined by the Director of the Bureau of Prisons…precluded district courts from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission[.]" 15 F.4th at 1346-47; *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th

Cir. Feb. 11, 2022) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same). Thus, the Eleventh Circuit has made clear that the COVID-19 pandemic, or any other prison condition, does not permit a district court to deviate from the policy statement's strict definition of "extraordinary and compelling."

As a result, Grimsley has not met his burden of establishing an extraordinary and compelling reason under any provision of the policy statement. His motion for compassionate release must be denied.[3]

Accordingly, it is **ORDERED**:

1. Defendant Wallace Jerome Grimsley II's Amended Motion for Compassionate Release Doc. 64 is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Because the Court has determined that Grimsley is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). However, the Court acknowledges his positive prison record, which includes no disciplinary contacts and the privilege of leaving the prison to work. *See* Doc. 69.